UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL MITCHELL,

               Plaintiff,

  vs.

REDDINGTON STRUCTURAL SOLUTIONS, LLC, *et al.*,

               Defendants.

Case No.: 2:25-cv-00170-GMN-EJY

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pending before the Court is Plaintiff Daniel Mitchell's Motion for Temporary Restraining Order, ("TRO") and Preliminary Injunction, (ECF No. 30).[1] Defendant Joe Westerfield, Reddington Structural Solutions, LLC, and Shuren Raymong Cheng filed a Response, (ECF No. 30), to which Plaintiff filed a Reply, (ECF No. 36). Also pending before the Court is the Motion to Strike Defendants' Response to Motion for Temporary Restraining Order, (ECF No. 34).[2]

Because Plaintiff fails to demonstrate a likelihood of success on the merits, the Court

---

[1] Plaintiff also filed the Sealed Appendix of Exhibits in Support of his Motion for TRO, (ECF No. 31). Under the Local Rules, "papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal." LR IA 10-5(a). The Local Rules further require a party who files a document under seal to include with the document "either (i) a certificate of service certifying that the sealed documents were served on the opposing attorneys [], or (ii) an affidavit showing good cause why the document has not been served on the opposing attorneys []." LR IA 10-5(c). Plaintiff must file a Motion to Seal in compliance with LR IA 10-5(a), and proof of compliance with LR IA 10-5(c), by June 9, 2025. If Plaintiff fails to comply with Local Rule IA 10-5(c) by June 9, 2025, the Court will unseal the Appendix.

[2] In their Response, Defendants include a Motion to Dismiss under 12(b)(6). "For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." LR IC 2-2(b). Accordingly, Defendants must file the Motion to Dismiss separately on the docket. The briefing timeline will be determined by the date that the Motion to Dismiss is filed. Because the Response to the Motion for TRO is valid and should not be stricken, Plaintiff's Motion to Strike is DENIED.

1    **DENIES** the Motion for a Temporary Restraining Order and Preliminary Injunction.

2    **I.**      <u>**BACKGROUND**</u>

3        This is a trademark infringement action brought by the owner of two registered trademarks. (*See generally* Am. Compl., ECF No. 10).  Plaintiff is the founding member and President of Kolay Flooring International, LLC, a company that manufactures and distributes flooring products. (*Id.* ¶ 23–24).  He owns two registered trademarks for Kolay: one for the use of the Kolay brand on carpet tiles, and one for the use of the Kolay brand on hardwood flooring. (*Id.* ¶ 25–26).  For the carpet tiles, the United States Patent and Trademark Office ("USPTO") Registration Number is 5661477; for hardwood flooring, the Registration Number is 5661478. (*Id.* ¶ 25).

       Defendants Junhua "Mark" Mao, Shuren "Raymond" Cheng, and Joe Westerfield previously worked for Kolay. (*Id.* ¶¶ 33–43).  Plaintiff alleges that Mao and Cheng left Kolay to form Reddington, another business that does flooring manufacturing and distribution, and that Westerfield began working for Reddington while still employed at Kolay, without Plaintiff's knowledge. (*Id.* ¶ 44–48).  Plaintiff further alleges that Westerfield shared Kolay's confidential list of customers with Reddington. (*Id.* ¶ 49).  Defendants Portiloor and Haoxing, Chinese manufacturing companies that Kolay had previously used, allegedly manufactured the infringing flooring products for Reddington, and Defendant Zehong shipped Reddington's products. (*Id.* ¶ 50–58).  According to Plaintiff, Westerfield, Cheng, Mao, Reddington, Portiloor, Hoaxing, and Zehong unlawfully used the Kolay trademarks on flooring products they were manufacturing and selling. (*Id.* ¶ 84).  Plaintiff further states that Success Wood, a direct competitor of Kolay that sells flooring products, sold Kolay branded flooring products without Plaintiff's permission. (*Id.* ¶ 69–70).

       Plaintiff brings the following claims against Defendants: (1) Federal Trademark Infringement, (2) Federal false Designation of Origin and Unfair Competition, (3) Nevada

Common Law Trademark Infringement and Unfair Competition, (4) Tortious Interference with Economic Advantage, (5) Conversion, and (6) Civil Conspiracy. (*See generally* Am. Compl.). He now seeks a TRO and Preliminary Injunction preventing Defendants from selling products bearing the term "KOLAY" or anything similar to the term "KOLAY," or using any proprietary of confusingly similar color names associated with Plaintiff's products. (Mot. TRO 15:11–16). Plaintiff also seeks an order that prevents Defendants from contacting, soliciting, or conducting business with any of Plaintiff's customers; enjoins Defendants from disposing of the proceeds of their sales until the resolution of this matter; and requires Defendants to deposit the proceeds into a segregated bank account that is disclosed to the Court. (*Id.* 15:16–16:2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65. The standard for both forms of relief is the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). Like a preliminary injunction, the Court may issue a temporary restraining order if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. DISCUSSION

Plaintiff argues that he is entitled to a TRO and Preliminary Injunction because he is likely to succeed on the merits and has no adequate remedy at law to address the continued infringement of the Kolay trademarks. (*See generally* Mot. TRO). Because the Court finds that

Plaintiff has not established a likelihood of success on the merits, it denies Plaintiff's Motion for a TRO. The Court discusses the likelihood of success on the merits for each of Plaintiff's claims below.

### A. Trademark Infringement and Unfair Competition

"To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011). The test for unfair competition under the Lanham Act is almost identical: "whether the public is likely to be deceived or confused by the similarity of the marks." *New W. Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979) (citations omitted).[3]

Defendants do not contest the ownership of the trademarks, and Plaintiff has provided evidence that he is the owner of two registered trademarks of the word "Kolay." (Reg. Certificates for Kolay Trademarks, Ex. A to Am. Compl., ECF No. 10-1). Federal registrations constitute "prima facie evidence of the validity of a registered mark" and the owner's exclusive right to use the mark. 15 U.S.C. § 1115(a). Plaintiff has therefore satisfied the first element of trademark infringement.

As for the second element, however, Plaintiff has failed to produce any evidence to support a finding that Defendants have actually used the mark, or anything that could be confused with the mark. Plaintiff states in his Motion for TRO and Declaration that Defendants used the "KOLAY" mark on their Reddington flooring products. (Mot. TRO 8:16–18); (Mitchell Decl. ¶ 13, Exhibit F to Addendum to Mot. TRO, ECF No. 31). But he attaches no

---

[3] Nevada's state laws for trademark infringement and unfair competition mirror the federal standards, so the findings in this section apply equally to Plaintiff's state-law claims. *See A.L.M.N., Inc. v. Rosoff*, 104 Nev. 274, 757 P.2d 1319, 1320 (Nev. 1988); McCarthy on Trademarks and Unfair Competition § 23:1.50 (5th ed.).

additional evidence of the use of the word "Kolay" on Reddington's products. Meanwhile, Defendants attach photos of their product and packaging, neither of which appear to bear the word "Kolay." (Photos, Exhibits E and F to Resp., ECF No. 33). Given that Defendants have rebutted Plaintiff's statement in his declaration that Defendants used the Kolay mark, and Plaintiff has not attached any other evidence of the use, Plaintiff has failed to establish that he is likely to succeed on the merits of his trademark infringement claim. And because the test for unfair competition is almost identical to that of trademark infringement, the Court finds that Plaintiff has also failed to establish a likelihood of success on his unfair competition claim.

### B. Tortious Interference with Economic Advantage

To succeed on a claim for tortious interference with economic advantage, a plaintiff must show that "(1) a prospective contractual relationship between the Plaintiff and a third party; (2) the defendant's knowledge of this prospective relationship; (3) the intent to harm the plaintiff by preventing the relationship, (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1255 (Nev. 1998).

Plaintiff asserts that Defendants stole Kolay's customer list and then sold flooring products to those customers, which he contends constitutes tortious interference with his economic advantage. (Mot. TRO 10:22–11:19). But Plaintiff's tortious interference with economic advantage claim suffers from a threshold problem—the potential contractual relationships would have been with Kolay, not Plaintiff, while the elements of the claim specifically require "a prospective contractual relationship between *plaintiff* and a third party." *See Consolidated Generator-Nevada*, 971 P.2d at 1255. Though Plaintiff states that Defendants' actions deprived *him* of the opportunity to make sales, he concedes that the list of customers belongs to Kolay, so it follows that future sales with those customers would have

also been with Kolay rather than Plaintiff as an individual.  Plaintiff cannot bring this claim on behalf of Kolay's lost potential contracts.  Thus, the Court finds that he has not established that he is likely to succeed on his for Tortious Interference with Economic Advantage.

### C. Conversion

Plaintiff asserts that he is likely to succeed on his conversion claim because Defendants have "asserted dominion over the Kolay flooring products and over the Kolay Trademarks" by infringing the trademarks. (Mot. TRO 11:27–28).  However, Courts in this circuit have rejected the argument that a trademark can be "converted." *See, e.g.*, *McZeal v. Amazon Services, LLC*, 2021 WL 5213099, *4 (C.D. Cal. 2021), aff'd 2021 WL 5213099 (9th Cir. 2023) ("Plaintiff's claim for conversion of his trademark is not actionable and must also be dismissed."); *see also* McCarthy on Trademarks and Unfair Competition § 25:70 (5th ed.) ("Across the nation, courts that have been faced with a claim that a trademark has been "converted" have rejected the concept outright.").  Therefore, the Court finds that Plaintiff has failed to establish a likelihood of success on this claim.

### D. Civil Conspiracy

"To establish a claim for civil conspiracy, a plaintiff must show: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort." *Eastwood v. Lehman Bros. Bank, FSB*, No. 3:09-cv-00656-LRH, 2010 WL 2696479, at *2 (D. Nev. July 2, 2010) (citing *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001)).  Plaintiff's civil conspiracy claim rests on his assertion that Defendants entered into a conspiracy to infringe his trademarks.  However, because trademark infringement is not a tort, Plaintiff's allegations do not satisfy the requirement of the commission of an underlying tort.  Plaintiff is therefore unlikely to succeed on this claim.

In sum, the Court finds that Plaintiff has not established a likelihood of success on the merits on any of his claims.  Because likelihood of success is a threshold issue, the Court need

not consider the other three *Winter* elements. *Garcia v. Google, Inc.*, 786 F3d 733, 740 (9th Cir. 2015); *Baird v. Bonta*, 81 F4th 1036, 1040 (9th Cir. 2023).  Accordingly, Plaintiff's Motion for TRO and Motion for Preliminary Injunction are DENIED without prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, (ECF No. 30), is **DENIED without prejudice.**

**IT IS FURTHER OREDERED** that Plaintiff's Motion for Preliminary Injunction, (ECF No. 30), is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 34), is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants are required to file their Motion to Dismiss as a separate item on the docket.

**IT IS FURTHER ORDERED** that Plaintiff must comply with Local Rule 10-5 for his Sealed Appendix of Exhibits at ECF No. 31 by June 13, 2025.  Failure to comply will result in the Court unsealing the Appendix.

**DATED** this __4__ day of June, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT