UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DANIEL MITCHELL,<br><br>  Plaintiff,<br><br>v.<br><br>REDDINGTON STRUCTURAL SOLUTIONS, LLC, et al.,<br><br>  Defendants. | Case No. 2:25-cv-00170-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion to Seal (ECF No. 40), in which Plaintiff seeks an order sealing[1] Exhibit E of Plaintiff's Appendix of Exhibits in Support of Plaintiff's Motion for Temporary Restraining Order (ECF No. 31). The Court has considered the Motion and finds as follows.

**I.    Discussion**

Courts recognize a general right of the public to inspect and copy public records and documents, including judicial records and documents. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). The strong presumption in favor of public access must be overcome by a party seeking to seal a judicial record. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Kamakana*, 447 F.3d at 1178). Under this standard, a party must demonstrate "a compelling reason and [articulate] a factual basis ... without relying on hypothesis or conjecture" to justify sealing court records. *Id*. at 1096-97. The "compelling reason" standard applies to any motion "more than tangentially related to the merits of a case." *Id*. at 1100-01. What constitutes a compelling reason is within the discretion of the District Court. *Id*. at 1097.

---

[1] Plaintiff actually requests an order "sealing/redacting" the specified Exhibit. ECF No. 40 at 5. Sealing and redacting are not interchangeable terms (*see* LR IA 10-5; LR IC 6-1) and, in fact, it is the parties who bear the obligation to redact sensitive information contained within their filings. It is not the Court's place to redact Plaintiff's documents for him.

1

In the instant Motion, Plaintiff seeks to seal Exhibit E to his Motion for a Temporary Restraining Order. Exhibit E consists of a list of customers of Kolay Flooring International, a flooring company owned by Plaintiff. ECF No. 31 at 18-106. Plaintiff argues that the presumption in favor of public access is outweighed in this case because the customer list at issue is "generally not disclosed to the public." ECF No. 40 at 4 (citing *Frantz v. Johnson*, 999 P.2d 351 (Nev. 2000)).

This conclusory assertion does not establish the compelling reasons necessary to rebut the presumption in favor of public access. Though Plaintiff supports his position by citing to *Frantz*, that case took care to emphasize that "not every customer and pricing list will be protected as a trade secret." *Frantz*, 999 P.2d at 359. The Nevada Supreme Court distinguished the list at issue in *Frantz* by noting that "there was testimony … that it was extremely confidential, [and] its secrecy was guarded." *Id.* No such representation is offered here, and a review of the exhibit shows the list in question does not include contact information or any information other than the names of various businesses and individuals.

Beyond these shortcomings, the Court notes there are procedural errors with Plaintiff's Motion. First, although the Local Rules specify that "papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal," LR IA 10-5(a), Plaintiff waited nearly a month after filing Exhibit E under seal before moving for leave to do so. Second, although Plaintiff's Motion acknowledges that "a request to seal record must be 'narrowly tailored' to remove from public access only that material warranting protection," ECF No. 40 at 3 (quoting *Wells Fargo Bank, N.A. v. Saticoy Bay LLC Series 3948 Applecrest*, Case No. 2:17-cv-01360-APG-VCF, 2020 WL 2311560, at 2 (D. Nev. Apr. 23, 2020)), Plaintiff filed the entire appendix of exhibits under seal, not just the exhibit he seeks to seal. ECF No. 31.

Based on the foregoing, Plaintiff's Motion is denied without prejudice. Plaintiff must refile his Motion and the appendix of exhibits. The appendix must be refiled on the publicly available docket with all exhibits, except Exhibit E, attached. In the refiled appendix, Exhibit E must be represented by a cover sheet stating "Filed Under Seal." Plaintiff must also refile only Exhibit E under seal and, at the same time, file a Motion to Seal, not under seal, supporting the sealing of Exhibit E. The filing at ECF No. 31 (the appendix) will be struck as improperly filed under seal.

## II. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Seal (ECF No. 40) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to strike ECF No. (31) from the docket.

IT IS FURTHER ORDERED that no later than **June 24, 2025**, and all on the same day, Plaintiff **must** refile:

    1. A Motion to Seal Exhibit E providing justification for the sealing of this exhibit;

    2. Exhibit E under seal; and

    3. The Appendix of Exhibits to Plaintiff's Motion for Temporary Restraining Order **unsealed** on the public docket. The Appendix **must** include Exhibits A-D and F, and a cover sheet for Exhibit E stating "Filed Under Seal."

Dated this 10th day of June, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE